IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NORTHINGTON BUTLER #1572952 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv029 |
| WARDEN LONNIE TOWNSEND | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Northington Butler, a prisoner of the Texas Department of Criminal Justice (TDCJ), originally filed a pro se petition for a federal writ of habeas corpus. Petition, *Butler v. Director*, No. 6:21cv497 (E.D. Tex. Dec. 22, 2021). On January 26, 2022, he filed in that case a motion for injunctive relief based on prison conditions unrelated to his underlying conviction and sentence. (*See* Dkt. #3.) Accordingly, the Court severed his prison-conditions claims into the present civil rights lawsuit pursuant to 42 U.S.C. § 1983, which was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 31, 2022, the Court ordered Plaintiff to either pay the $402 filing fee for this new civil case or submit a properly supported application to proceed *in forma pauperis* (IFP). (Dkt. #3.) The Court also ordered Plaintiff to file an amended complaint on the approved form to identify the proper defendants and clearly set forth his claims. (*Id.* at 2.) The order gave Plaintiff 30 days from receipt to comply and expressly cautioned that failure to comply could result in dismissal of his lawsuit. (*Id.* at 3.) Plaintiff received the order on February 17, 2022. (Dkt. #5.) He has not complied with either requirement.

1

The Court received $5 from Plaintiff on March 14, but only inmates who have been granted IFP status are permitted to pay their fees in installments. *See* 28 U.S.C. § 1915(b) (providing installment payment schedule for prisoners proceeding IFP). In the absence of such authorization—which Plaintiff has not sought in this case—federal law requires a $350 filing fee plus a $52 administrative fee, totaling $402, for civil rights actions such as this one. 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule at ¶14, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited March 31, 2022). The Court specified the amount of the fee, as well as the fact that the $52 administrative fee would be waived if Plaintiff obtained IFP status, in its previous order. (Dkt. #3 at 1, 3.) Accordingly, Plaintiff's payment of $5 does not in any way comply with the Court's order or satisfy the fee requirement for this case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed without prepayment and that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 1st day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3